■ In the Matter of JOSEPH F. WALKER, Petitioner, v. MICHAEL J. MURPHY, as Police Commissioner of the Police Department of the City of New York, Respondent.

PROCEEDING under article 78 of the Civil Practice Act (transferred to the Appellate Division of the Supreme Court in the First Judicial Department by an order of the Supreme Court at Special Term, entered January 14, 1963 in New York County) to review a determination of the respondent finding petitioner guilty of certain charges and dismissing him from the Police Department.

Determination confirmed and petition dismissed.

McNALLY, J. (dissenting). I am not in accord with the majority and therefore must dissent. In my view the discipline imposed is entirely too severe.

Petitioner was found guilty of taking gratuities on occasions for giving special police protection to certain properties and buildings under construction on his post. I am in agreement with the findings of the Trial Commissioner that the official records of the Police Department and the testimony of the character witnesses establish that petitioner performed valuable police service in the field and that he is held in high esteem by prominent civic-minded local residents and fellow members of the police force.

During his 16 years of service in the Police Department, petitioner earned seven citations for excellent police duty, one for meritorious police duty and one commendation. He has made approximately 800 arrests. In addition, he is a veteran of the United States Navy during World War II and is entitled to wear the Asiatic-Pacific Ribbon with nine battle stars. The naval craft on which he served was awarded the Navy Unit Citation. And to quote one of his commanding officers: "If one of every thousand new men who come into the Department were like the [petitioner], it would be very fortunate." In March of 1961 petitioner was assigned to the Detective Bureau and served as a detective until February 1, 1962, when he was demoted to patrolman and suspended as a result of the present charges.

I do not agree with the conclusion of the Hearing Commissioner: "If it were possible to conclude that such a police officer as respondent, although guilty of these charges and specifications, had learned his lesson and that the Department and the City would not be prejudiced by imposition of other than the extreme punishment, I would recommend that clemency be afforded the respondent."

I am aware that discipline as a deterrent to others is wholly justifiable, but in such cases there must be a careful balancing of the benefits to others against the harm to the individual. While we must not lose sight of the fact that the justification of all discipline is the protection of society, rehabilitation is in the long run the most hopeful approach thereto. We should demonstrate an understanding of individualized treatment which means that discipline should take into effect all the factors bearing on the offender's private and public life. It is important that the offender himself understand the basis for the imposition of discipline. Ultimately, no one can be improved except by himself, and the degree of individual responsibility assumed by the offender will be decisive.

The hearing authority had the power to make ameliorative distinctions in the administration of disciplinary action. It appears to me that the prior record of this petitioner shows a capacity for rehabilitation since the discharge of his duties as a policeman has been eminently satisfactory to the Department and the community. This alone should be sufficient to reasonably induce us to exercise our unquestioned power to mitigate excessive punishment. In my opinion where, as here, the punishment exceeds the requirement of deterrence and serves to deprive society of an effective public servant it is excessive.

On this record it is manifest that rehabilitation of petitioner is more than reasonably probable if the punishment is mitigated. Our courts have heretofore revoked sentences of dismissal of employees with records of prior good service and substituted suspension. (*Matter of Mitthauer* v. *Patterson*, 8 N Y 2d 37; *Matter of Naign* v. *Zurmuhlen*, 6 A D 2d 677; *Matter of Nimelman* v. *Kross*, 5 A D 2d 984; *Matter of McDonnell* v. *Kennedy*, 5 A D 2d 971.) In my opinion the permissible aims of discipline such as the protection of the public, deterrence and rehabilitation can in this case be achieved as effectively by punishing the infraction less severely.

Breitel, J. P., Valente, Stevens and Steuer, JJ., concur in decision; McNally, J., dissents in opinion.

Determination confirmed and the petition dismissed, with $20 costs and disbursements to the respondent.